UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


ELLIOTT W. FASSBENDER ET AL.                CIVIL ACTION

VERSUS                                      NO. 07-5265

TREASURE CHEST CASINO ET AL.                MAGISTRATE JUDGE
                                            JOSEPH C. WILKINSON, JR.


## ORDER AND REASONS ON MOTIONS

Plaintiffs, Elliott Fassbender, Michael J. Parr, William E. Boesch, Diana Martin, Shirley Couret, Joan Antill and Albert J. Pellisier, sued their former employer, Treasure Chest Casino, L.L.C. ("Treasure Chest"); Treasure Chest's parent company, Boyd Gaming Corporation ("Boyd Gaming"); and the former Assistant General Manager of Treasure Chest, John Sou, whom plaintiffs allege is "a member/officer/owner of Boyd Gaming." Fassbender alleges that he was constructively discharged, while the other plaintiffs contend that defendants terminated their employment from Treasure Chest, all in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.; Title VII, 42 U.S.C. § 2000e et seq.; and 42 U.S.C. § 1981. Record Doc. No. 1, Complaint. All parties have consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Record Doc. No. 19.

Defendants filed two motions to dismiss.  First, Treasure Chest and Boyd Gaming jointly filed a motion to dismiss all claims against them, with the exception of Fassbender's ADEA claim against Treasure Chest only.  These corporate defendants argue that the claims against them must be dismissed because (1) all plaintiffs (except Fassbender) failed timely to exhaust their administrative remedies against either defendant under the ADEA; (2) Fassbender failed to exhaust his administrative remedies as to his ADEA claim against Boyd Gaming; (3) all plaintiffs failed to exhaust their administrative remedies against both defendants under Title VII; and (4) plaintiffs fail to state a claim under Section 1981 because they have not alleged race discrimination. Record Doc. No. 6.

Plaintiffs filed a timely opposition memorandum.  Record Doc. No. 7.  Although they suggest that the corporate defendants' motion should be denied in its entirety, they fail to address defendants' arguments concerning their Title VII and Section 1981 claims. Plaintiffs argue that they timely filed certain documents with the Equal Employment Opportunity Commission ("EEOC") that constituted charges of discrimination against Treasure Chest under the ADEA.  Plaintiffs contend that they alleged facts about Boyd Gaming in their complaint that establish an identity of interest between Boyd Gaming and Treasure Chest, so that plaintiffs' filing of discrimination charges against Treasure

Chest also constituted sufficient notice to Boyd Gaming to survive Boyd Gaming's motion to dismiss.

The corporate defendants received leave to file a reply memorandum in support of their motion to dismiss.  Record Doc. Nos. 10, 11.  Plaintiffs received leave to file a surreply memorandum.  Record Doc. Nos. 15, 16.

The second motion is a motion to dismiss and for attorney's fees filed by the individual defendant, John Sou.  Sou argues that he cannot be held individually liable under either the ADEA or Title VII, and he otherwise adopts the corporate defendants' arguments in their motion to dismiss.  Record Doc. No. 18.  Plaintiffs filed a timely opposition memorandum.  Record Doc. No. 20.  Sou received leave to file a reply memorandum.  Record Doc. Nos. 22, 23.  Plaintiffs received leave to file a surreply memorandum, Record Doc. Nos. 26, 27, in which they state that they "do not oppose dismissal of the racial discrimination allegations under Title VII or section 1981." Record Doc. No. 27 at p. 4.

Having considered the complaint, the record, the arguments of the parties and the applicable law, and for the following reasons, **IT IS ORDERED** that both motions are GRANTED IN PART AND DENIED IN PART, as follows.

ANALYSIS

A.    Legal Standards for Motions to Dismiss

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court

must take the well-pleaded factual allegations of the complaint as true.  In Re Katrina

Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007).  "All questions of fact and any

ambiguities in the current controlling substantive law must be resolved in the plaintiff's

favor." Lewis v. Fresne, 252 F.3d 352, 357 (5th Cir. 2001); accord Lovick v. Ritemoney

Ltd., 378 F.3d 433, 437 (5th Cir. 2004).

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough

facts to state a claim to relief that is plausible on its face.'  'Factual allegations must be

enough to raise a right to relief above the speculative level, on the assumption that all the

allegations in the complaint are true (even if doubtful in fact).'" In Re Katrina Canal

Breaches Litig., 495 F.3d at 205 (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955,

1974, 1965 (2007) (quotation, citations and footnote omitted)).  Plausible grounds

"simply calls for enough fact to raise a reasonable expectation that discovery will reveal

evidence" to support the claim.  Bell Atl. Corp., 127 S. Ct. at 1965.

Motions to dismiss for failure to state a claim are viewed with disfavor and are

rarely granted.  Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 570  (5th Cir.

2005).  "However, conclusory allegations or legal conclusions masquerading as factual

4

conclusions will not suffice to prevent a motion to dismiss." United States ex rel. Bain v. Georgia Gulf Corp., 386 F.3d 648, 654 (5th Cir. 2004) (quotation omitted).

In the instant case, plaintiffs' complaint states that they each filed a timely charge of discrimination with the EEOC. Record Doc. No. 1, at ¶ 33. The corporate defendants attached to their motion to dismiss purported copies of each plaintiff's "Charge of Discrimination." Record Doc. No. 6, Defendants' Exh. A, in globo. Sou attached to his motion to dismiss a copy, apparently printed from Boyd Gaming's Internet website, of a statement of ownership and management that was reportedly filed with the Securities Exchange Commission. Record Doc. No. 18, Defendant Sou's Exh. A.

Although none of the documents submitted by the defendants is sworn or certified, plaintiffs do not contest the authenticity of the documents. Plaintiffs attached affidavits and sworn documentary exhibits to their memorandum in opposition to the corporate defendants' motion to dismiss.

"Generally, in deciding a motion to dismiss for failure to state a claim, if 'matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment.'" In Re Katrina Canal Breaches Litig., 495 F.3d at 205 (quoting Fed. R. Civ. P. 12(b)). However, documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if the plaintiffs' complaint

refers to them and the documents are central to plaintiffs' claims.  Id.; Causey v. Sewell

Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004).

Plaintiffs' charges of discrimination are referred to in plaintiffs' complaint, Record

Doc. No. 1, ¶ 33, and are central to establishing their right to bring a civil action under

either the ADEA or Title VII.  Accordingly, I have considered these documents attached

to the corporate defendants' motion to dismiss without converting the motion to one for

summary judgment.

Whether the court should consider Sou's Exhibit A, which is purportedly a

statement of ownership and management of Boyd Gaming Corporation, in connection

with his motion to dismiss is more problematic.  Sou asserts that the court may take

judicial notice of this exhibit as a public record that was filed with the Securities

Exchange Commission.   "In deciding a 12(b)(6) motion to dismiss, a court may

permissibly refer to matters of public record . . . [without] convert[ing] this motion into

one for summary judgment."  Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

However, Sou's exhibit is not a certified copy of a public record.  Instead, he has

provided some unauthenticated pages apparently printed from Boyd Gaming's website.

Causey presented a somewhat similar situation.  In that case, defendant General

Motors ("GM") had submitted (unspecified) documentary evidence to the trial court in

connection with GM's motion to dismiss and/or for summary judgment, to support its

6

claim that GM was a separate legal entity from the defendant car dealership, Sewell Cadillac.  The district court failed to state whether its dismissal of the complaint against GM was pursuant to Fed. R. Civ. P. 12(b)(6) or 56.  The Fifth Circuit observed, but did not rule, that the documents could have been considered in deciding a motion to dismiss because they "at least arguably relate to Causey's complaint by explaining the relationship between Sewell and GM."  Causey, 394 F.3d at 288.

In the instant case, I need not decide whether to consider Sou's Exhibit A in connection with his motion to dismiss because the question whether Sou is a stockholder in Boyd Gaming is irrelevant.  Accordingly, I have not considered it and will determine Sou's motion under the Rule 12(b)(6) standard.

B.     Plaintiffs' Section 1981 and Title VII Claims

Plaintiffs failed to respond to the corporate defendants' arguments concerning the inadequacy of plaintiffs' claims under Section 1981 and Title VII, while plaintiffs state in their surreply to Sou's motion to dismiss that  they "do not oppose dismissal of the racial discrimination allegations under Title VII or section 1981."  Thus, these portions of defendants' motions to dismiss are unopposed.  Furthermore, defendants' arguments have merit, as follows.

Section 1981 applies only to race discrimination claims.  Evans v. City of Houston, 246 F.3d 344, 356 n.9 (5th Cir. 2001); Payne v. Travenol Labs., Inc., 673 F.2d

798, 815 (5th Cir. 1982).  Because plaintiffs' complaint does not mention any racial discrimination, their Section 1981 claims against all defendants are dismissed.

As to Title VII, plaintiffs' discrimination charges filed with the EEOC alleged only age discrimination and retaliation for complaining about age discrimination.  Record Doc. No. 6, Defendants' Exh. A in globo.  The ADEA provides the exclusive judicial remedy for age discrimination in employment.  Tapia-Tapia v. Potter, 322 F.3d 742, 745 (1st Cir. 2003); Lafleur v. Texas Dep't of Health, 126 F.3d 758, 760 (5th Cir. 1997). Because plaintiffs' discrimination charges filed with the EEOC and their complaint in this court allege only age discrimination and retaliation for complaining about age discrimination, their Title VII claims against all defendants are dismissed.

    C.    Failure Timely to Exhaust Administrative Remedies Under the ADEA

Defendants argue that all of plaintiffs' ADEA claims, except for Fassbender's claim against Treasure Chest, must be dismissed for failure to exhaust administrative remedies timely.  The corporate defendants attached to their motion copies of plaintiffs' completed EEOC forms entitled "Charge of Discrimination."  Record Doc. No. 6, Defendants' Exh. A in globo.  Based on these documents, defendants argue that all plaintiffs (except Fassbender) submitted their "Charges of Discrimination" to the EEOC more than 300 days after their employment termination dates.

To preserve the right to bring a civil action under either Title VII or the ADEA, a plaintiff in Louisiana must file with the EEOC a "charge" of discrimination within 300 days of the alleged discriminatory conduct.  Janmeja v. Board of Supervisors, 96 Fed. Appx. 212, 2004 WL 902304, at *1 (5th Cir. 2004) (citing 42 U.S.C. § 2000e-5(e)(1)); Julian v. City of Houston, 314 F.3d 721, 725 (5th Cir. 2002) (citing 29 U.S.C. § 626(d)(2)).

Failure to file a charge with the EEOC within the 300-day limitations period requires dismissal of a civil action as time-barred under Title VII and/or the ADEA. National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002) (Title VII); Tyler v. Union Oil Co., 304 F.3d 379, 382, 391 (5th Cir. 2002) (ADEA).  Plaintiffs in the instant case do not deny that their "Charge of Discrimination" forms were filed after the 300-day period.  However, plaintiffs contend that they submitted different documents, consisting of their "Charge Questionnaires" and affidavits, to the EEOC within 300 days of their termination dates, and that these documents meet the requirement of a timely filed "charge" of discrimination.  Plaintiffs' Exh. A in globo.

"Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires."  42 U.S.C. § 2000e-5(b). The EEOC's regulations require a charge to be in writing, signed and verified.  29 C.F.R. §§ 1601.9, 1601.3(a).  A charge "should contain" certain information, including "[t]he

9

full name and address of the person against whom the charge is made" and "[a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices." Id. § 1601.12(a). Notwithstanding these provisions, "a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." Id. § 1601.12(b).

Neither defendants nor plaintiffs cite any legal authority concerning whether the "Charge Questionnaires" and affidavits submitted by these plaintiffs constitute a "charge of discrimination" for purposes of timely exhausting administrative remedies under the ADEA. Defendants state in their reply memorandum that the case law is split on the issue and that the Fifth Circuit has not yet ruled on it.

Accepting this representation as accurate, "[a]ll questions of fact and any ambiguities in the current controlling substantive law must be resolved in the plaintiff's favor." Lewis, 252 F.3d at 357. Therefore, for purposes of the instant motions to dismiss, which generally must be "viewed with disfavor," the court resolves the case law split in plaintiffs' favor. Plaintiffs have "plead 'enough facts to state a claim to relief that is plausible on its face.' [Their] '[f]actual allegations [are] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint

are true (even if doubtful in fact).'"  In Re Katrina Canal Breaches Litig., 495 F.3d at 205 (quotation omitted).

Accordingly, the corporate defendants' motion to dismiss plaintiffs' ADEA claims for failure timely to exhaust administrative remedies is denied.

D.     Failure to Name Boyd Gaming in the EEOC Charges

Boyd Gaming argues that all claims against  it should be dismissed for plaintiffs' failure to exhaust administrative remedies.  The scope of plaintiffs' claims in this court under Title VII and the ADEA are limited to the scope of the charges of discrimination that they filed with the EEOC.  Julian, 314 F.3d at 725 (ADEA); Thomas v. Texas Dep't of Crim. Justice, 220 F.3d 389, 395 (5th Cir. 2000) (Title VII).

Plaintiffs' EEOC charges, Defendants' Exh. A in globo, and their charge questionnaires and accompanying affidavits named only Treasure Chest as the employer and did not mention Boyd Gaming.  Plaintiffs' Exh. A in globo.  A party not named in an EEOC charge may not be sued for discrimination "unless there is a clear identity of interest between it and the party named in the charge."  Way v. Mueller Brass Co., 840 F.2d 303, 307 (5th Cir. 1988) (citation omitted).  Assuming for the sake of argument that there may be an identity of interest between Boyd Gaming and Treasure Chest, Boyd Gaming argues that plaintiffs should not be allowed to take advantage of this identity of

interest exception to the scope requirement because they were represented by their current counsel when they filed their charge documents.

Charges filed with the EEOC by persons who are unfamiliar with the technicalities of formal pleadings and who usually do not have the assistance of an attorney must be liberally construed.  Dunn v. Uniroyal Chem. Co., 192 F. Supp. 2d 557, 560 (M.D. La. 2001) (citing Tillman v. City of Boaz, 548 F.2d 592, 594 (5th Cir. 1977)).  Boyd Gaming argues that such liberality is not warranted here because plaintiffs were represented by counsel at the administrative stage.

"'The leniency accorded a layman in drafting the EEOC charge should not be extended to an attorney.'  Thus, the Court need not extend [plaintiff] any leniency in comparing the EEOC charge to his pleadings because [plaintiff's] attorney drafted the EEOC charge."  Cannon v. St. Paul Fire & Marine Ins. Co., No. 3:03CV2911-N, 2005 WL 1107372, at *1 n.1 (N.D. Tex. May 6, 2005) (quoting White v. North La. Legal Assistance Corp., 468 F. Supp. 1347, 1352 (W.D. La. 1979)).  "The 'identity of interest' exception is intended to protect parties 'not versed in the vagaries of Title VII and its jurisdictional and pleading requirements.'  Thus, as a threshold matter, the exception 'only applies where plaintiff [was] not represented by counsel' at the time of the EEOC filing."  Tarr v. Credit Suisse Asset Mgmt., Inc., 958 F. Supp. 785, 794 (E.D.N.Y. 1997) (quoting Johnson v. Palma, 931 F.2d 203, 209 (2d Cir. 1991)); accord McLaughlin v. Kvaerner

ASA, No. 04-5559, 2007 WL 764290, at *2 (E.D. Pa. Mar. 8, 2007); Gagliardi v. Universal Outdoor Holdings, Inc., 137 F. Supp. 2d 374, 379 (S.D.N.Y. 2001).

In the instant case, as in McLaughlin, plaintiffs acknowledge that they did not name Boyd Gaming in their EEOC charges, but they argue that this failure should be excused because Boyd Gaming shares a commonality of interest with Treasure Chest. When plaintiffs do not contest, however, that they were represented by counsel during their EEOC proceedings, their "failure to exhaust [their] administrative remedies cannot be excused." McLaughlin, 2007 WL 764290, at *2 (citations omitted).

Accordingly, all plaintiffs' claims against Boyd Gaming are dismissed for failure to exhaust administrative remedies.

E.      Plaintiffs' Discrimination Claims Against Sou

Sou moves to dismiss all claims against him under both Title VII and the ADEA. Plaintiffs concede in their opposition memoranda that "[t]he Fifth Circuit Court of Appeals has consistently held that Title VII provides no basis for individual liability for employees.   Similarly, individuals also cannot be held liable under the ADEA." Windham v. Cardinal Health, Inc., No. CIVA504CV262-DCBJCS, 2006 WL 51185, at *7 (S.D. Miss. Jan. 9, 2006) (citing Smith v. Amedisys, Inc., 298 F.3d 434, 448-49 (5th Cir. 2002); Indest v. Freeman Decorating, Inc., 164 F.3d 258, 262 (5th Cir. 1999); Stults v. Conoco, Inc., 76 F.3d 651, 655 (5th Cir. 1996); Grant v. Lone Star Co., 21 F.3d

13

649, 652 (5th Cir. 1994)); accord Medina v. Ramsey Steel Co., 238 F.3d 674, 686 (5th

Cir. 2001) (ADEA claims).

Accordingly, all Title VII and ADEA claims against Sou are dismissed.

F.     Sou's Motion for Attorney's Fees

Sou argues that plaintiffs should pay his attorney's fees for defending against this

action because they refused to acknowledge that he cannot be held individually liable

under either Title VII or the ADEA, which forced him to file the instant motion to

dismiss.  Although plaintiffs now concede that the case law is well established in this

respect, they argue that they needed some discovery or other factual information that Sou

did not have any ownership interest in Treasure Chest or Boyd Gaming before they could

accept defense counsel's representation that Sou could not be sued individually.

Plaintiffs contend that they did not know until Sou filed his motion to dismiss that he was

not an owner, and therefore not an employer.  They argue that an award of attorney's fees

to Sou is not justified because they named him as a defendant in good faith.

Plaintiffs cite no authority for their contention that a stockholder, an officer or a

director in a corporation can be held individually liable as an employer for employment

discrimination.  To the contrary, as plaintiffs now concede, the case law is clear that

supervisory employees, officers and directors cannot be held liable in their individual

capacities for employment discrimination.  Evans v. North Street Boxing Club, 83 F.

Supp. 2d 744, 747 (W.D. La. 1999) (Little, C.J.), aff'd, 33 Fed. Appx. 704, 2002 WL

432651 (5th Cir. 2002) (citations omitted).

Furthermore, it is black letter law that shareholders cannot be held liable for the

deeds of a corporation.

> The general rule that corporations are distinct legal entities, separate from the individuals who comprise them, and that the shareholders are not liable for the debts of the corporation, is statutory in origin and well supported by the jurisprudence. . . .
>
> Because of the beneficial role of the corporate concept, the limited liability attendant to corporate ownership should be disregarded only in exceptional circumstances. . . .
>
> There are limited exceptions to the rule of non-liability of shareholders for the debts of a corporation, where the court may ignore the corporate fiction and hold the individual shareholders liable. Generally, that is done where the corporation is found to be simply the "alter ego" of the shareholder. It usually involves situations where fraud or deceit has been practiced by the shareholder acting through the corporation.
>
> . . . .
>
> The fact that one individual owns a majority of stock in the corporation does not in itself make that individual liable for corporate debts.
>
> . . . .
>
> Louisiana courts are reluctant to hold a shareholder, officer, or director liable for corporate obligations, in the absence of fraud, malfeasance, or criminal wrongdoing.

Gutierrez v. Moezzi, 957 So.2d 842, 2006-1395 (La. App. 4th Cir. 2007) (quoting

Riggins v. Dixie Shoring Co., 590 So. 2d 1164, 1167-69 (La. 1991) (citing La. Rev. Stat.

§§ 12:93(B), 12:95) (additional internal citations omitted by the Fourth Circuit)).

15

Plaintiffs in the instant case have not alleged any facts in their complaint to show that exceptional circumstances, such as fraud, malfeasance or criminal wrongdoing, exist that would justify holding Sou liable, even if he were a shareholder of Boyd Gaming or a limited liability member of Treasure Chest. Thus, plaintiffs had no legal basis on which to name Sou as a defendant in this action.

Sou does not specify the authority under which he seeks an award of attorney's fees. However, he cites former Chief Judge Little's award of attorney's fees to defendants in Evans, which was a Title VII case. Title VII has a fee-shifting provision that permits an award of attorney's fees to the "prevailing party." Evans, 83 F. Supp. 2d at 748 (citing 42 U.S.C. § 2000e-5(k)). When the prevailing party is the defendant, rather than the plaintiff, the defendant may recover attorney's fees only "when the plaintiff's underlying claims are frivolous, vexatious, unreasonable, or groundless." Id. (citing Hughes v. Rowe, 449 U.S. 5, 14 (1980); Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 417 (1978); Coats v. Pierre, 890 F.2d 728, 733 (5th Cir. 1989)). "[T]he term 'vexatious' in no way implies that the plaintiff's subjective bad faith is a necessary prerequisite to a fee award against him." Christiansburg Garment Co., 434 U.S. at 421.

In Evans, the plaintiff sued three individual defendants and his corporate employer for sexual harassment under Title VII. One individual defendant, Johnson, was dismissed on a Rule 12(b)(6) motion. Evans, 83 F. Supp. 2d at 745 n.1, 748 n.8. The

16

other two individual defendants, Ward and West, then filed a motion to dismiss and/or

for summary judgment, which was granted because Fifth Circuit case law was clear that

individual employees could not be held liable under Title VII.  In ruling on defendants'

motion for summary judgment, the court rejected plaintiff's "renew[ed] . . . argument

rejected by this court in ruling on Johnson's motion to dismiss [two months earlier], that

this court should 'pierce the corporate veil' and find Ward and West personally liable."

Id. at 748.  The court awarded defendants their attorney's fees for the summary judgment

motion, finding that it was "unreasonable" for plaintiff to bring Title VII claims against

them.  Evans, 83 F. Supp. 2d at 748.[1]  Sou argues that this court should follow Evans and

award him attorney's fees for successfully defending the instant action.

> In contrast, the ADEA contains no such "prevailing party" provision.
> The Fair Labor Standards Act's (FLSA) attorney's fee statute (which applies
> to ADEA actions) mandates only that a district court award attorneys' fees
> to a plaintiff who is a "prevailing party." . . . [The FLSA] does not provide
> for an award of attorneys' fees to a defendant or to a "prevailing party."
> In the absence of an express provision in the ADEA or FLSA that
> permits an award of attorney's fees to a prevailing party, the "American
> Rule" applies and the defendant must show bad faith on the plaintiff's part
> in order for a district court to award attorney's fees to a prevailing
> defendant.

Flanagan v. Havertys Furniture Cos, Inc., 484 F. Supp. 2d 580, 581 (W.D. Tex. 2006)

(citing 29 U.S.C. §§ 216(b), 626(b); Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421

---

[1]Summary judgment in favor of the individual defendants was affirmed on appeal, but the
plaintiff did not appeal the award of attorney's fees, so the Fifth Circuit did not address the reasoning
behind that award.  Evans, 2002 WL 432651 at *1.

17

U.S. 240, 258-59 (1975); <u>Turlington v. Atlanta Gas Light Co.</u>, 135 F.3d 1428, 1437 &

n.19 (11th Cir. 1998); <u>Equal Employment Opportunity Comm'n v. Hendrix College</u>, 53

F.3d 209, 211 (8th Cir. 1995); <u>Equal Employment Opportunity Comm'n v. O & G Spring</u>

<u>& Wire Forms Specialty Co.</u>, 38 F.3d 872, 883 (7th Cir. 1994); <u>Gray v. New England</u>

<u>Tel. & Tel. Co.</u>, 792 F.2d 251, 260 & n.1 (1st Cir. 1986)) (emphasis added).

> The Fifth Circuit has observed that "[t]he bad-faith exception to the American rule . . . punishes abuses of the litigation process."  In other words, the bad-faith exception does not address conduct underlying the substance of the case; rather, it refers to the conduct of the party and the party's counsel during the litigation of the case.  There must be evidence of "bad faith, improper motive, or reckless disregard of the duty owed to the court."  It occasionally happens after discovery has concluded that litigants realize the evidence to support one or more of their claims is lacking and move to dismiss those claims.  Such conduct should be encouraged rather than punished.

<u>Id.</u> at 582 (quoting <u>Guevara v. Maritime Overseas Corp.</u>, 59 F.3d 1496, 1503 (5th Cir.

1995); <u>Edwards v. General Motors</u>, 153 F.3d 242, 246 (5th Cir. 1998)).

In <u>Flanagan</u>, in contrast to <u>Evans</u>, plaintiff abandoned his age discrimination claim

in response to a motion for summary judgment.  Similarly, in the instant case, plaintiffs

responded to Sou's motion to dismiss by acknowledging that he should be dismissed.

Thus, I do "not find on this record that the age discrimination claim was brought in bad

faith or for oppressive reasons or that counsel abused the litigation process."  <u>Id.</u>

Accordingly, Sou's motion for attorney's fees is denied.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the motion to dismiss filed by Treasure Chest Casino, L.L.C. and Boyd Gaming Corporation is GRANTED IN PART AND DENIED IN PART, as follows.

The motion is granted in that all plaintiffs' claims against these defendants under Title VII and 42 U.S.C. § 1981 are dismissed with prejudice.

The motion is granted in that all plaintiffs' claims against Boyd Gaming are dismissed with prejudice for failure to exhaust administrative remedies.

The motion to dismiss plaintiffs' ADEA claims for failure to timely exhaust administrative remedies is denied.

**IT IS FURTHER ORDERED** that John Sou's motion to dismiss is GRANTED IN PART AND DENIED IN PART, as follows.

The motion is granted in that all claims against Sou are dismissed with prejudice. Sou's motion for attorney's fees is denied.

New Orleans, Louisiana, this __16th__ day of January, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

19