UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELLIOTT W. FASSBENDER ET AL. | CIVIL ACTION |
| VERSUS | NO. 07-5265 |
| TREASURE CHEST CASINO, LLC ET AL. | MAGISTRATE JUDGE WILKINSON |

### ORDER AND REASONS

Defendant, Treasure Chest Casino, LLC, filed a motion to sever the claims of plaintiff Elliott Fassbender from those of the other six plaintiffs. Record Doc. No. 31. Fassbender alleges that he was subjected to a hostile work environment based on his age after he returned to work at Treasure Chest following Hurricane Katrina, which struck the New Orleans area on August 29, 2005, and that he was constructively discharged on March 5, 2006. The other plaintiffs allege that Treasure Chest never called them back to work after the hurricane and terminated their employment in October 2005 because of their ages. Complaint, Record Doc. No. 1. Defendant argues that severance is required because of the factual and legal differences between the claims of Fassbender and those of the other plaintiffs and the potential prejudice to defendant from trying Fassbender's claims with the other plaintiffs' claims.

Plaintiffs filed a timely opposition memorandum. Record Doc. No. 33. They argue that severance is not required because all of their claims arise out of age discrimination during a relatively brief period of time, they all had the same supervisor and the witnesses for each plaintiff's claims will largely be the same. Treasure Chest received leave to file a reply memorandum. Record Doc. Nos. 34, 36, 37. Plaintiffs received leave to file a surreply memorandum. Record Doc. Nos. 35, 38, 39.

Having considered the complaint, the record, the submissions of the parties and the applicable law, and for the following reasons, IT IS ORDERED that defendant's motion is DENIED.

## ANALYSIS

Rule 20(a) provides for permissive joinder of plaintiffs: "All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Fed. R. Civ. P. 20(a). "Rule 20 requires that all of the plaintiffs' claims arise out of the same transaction or occurrence and that there is a common issue of fact or law." Applewhite v. Reichhold Chems., Inc., 67 F.3d 571, 574 n.11 (5th Cir. 1995) (citations omitted).

> Thus, permissive joinder is proper when (1) [the] right to relief arose out of the same transaction, occurrence, or series of transactions or occurrences, and (2) . . . there is a question of law or fact common to all of the plaintiffs that will arise in the action. Both of these requirements must be satisfied in order to sustain party joinder under Rule 20(a). Thus, to determine whether the two prong test of Rule 20 is satisfied, the Courts should consider such things as whether there is a logical relationship between the claims, and whether there is any overlapping proof or legal question.

Weber v. Lockheed Martin Corp., No. 00-2876, 2001 WL 274518, at *1 (E.D. La. Mar. 20, 2001) (Duval, J.) (quotations omitted) (citing Alexander v. Fulton County, 207 F.3d 1303, 1322-23 (11th Cir. 2000); Porter v. Milliken & Michaels, Inc., No. 99-0199, 2000 WL 1059849, at *1 (E.D. La. Aug. 1, 2000) (Vance, J.); Little v. Bellsouth Telecomm., No. 95-1646, 1995 WL 468256, at *1 (E.D. La. Aug. 7, 1995) (Mentz, J.); C.A. Wright, A. Miller & M.K. Kane, Federal Practice & Procedure § 1653 (1986)).

Parties to a lawsuit may be severed under Rule 21 if they fail to satisfy either of the prerequisites for permissive joinder in Rule 20(a). Bailey v. Northern Trust Co., 196 F.R.D. 513, 515 (N.D. Ill. 2000).

> Generally, permissive joinder of plaintiffs under Federal Rule of Civil Procedure 20 is at the option of the plaintiffs, assuming they meet the requirements set forth in Rule 20. Under Rules 20 and 21, the district court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice. . . . This discretion, however, should be exercised after an examination of the individual case.

Applewhite, 67 F.3d at 574.

> [T]he central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits. . . . The Supreme Court has instructed the lower courts to employ a liberal approach to permissive joinder of claims <u>and</u> parties in the interest of judicial economy: "Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."

<u>Alexander</u>, 207 F.3d at 1323 (quoting <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 724 (1966)).

> Courts generally consider the following factors when deciding whether claims should be severed pursuant to Rule 21: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for separate claims.

<u>Goodyear v. Dauterive Hosp.</u>, No. 07-249, 2007 WL 2066855, at *2 (W.D. La. Jul. 13, 2007) (Melancon, J.) (citation omitted).

> In determining what constitutes a single transaction or occurrence, a number of courts have looked to the interpretation of "transaction" under Federal Rule of Civil Procedure 13(a) [for] compulsory counterclaims. "Transaction, for the purposes of Rule 13(a), 'is a word of flexible meaning . . . and may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.'"  . . . [T]he transaction and common question requirements prescribed by Rule 20(a) are not rigid tests.

Id. (quoting Porter, 2000 WL 1059849, at *2) (citing Alexander, 207 F.3d at 1303; Mosley v. General Motors, 497 F.2d 1330, 1333 (8th Cir. 1974); Weber, 2001 WL 274518, at *1; Lott v. Eastman Kodak Co., 1999 WL 242688 (N.D. Tex. Apr. 16, 1999)).

  Six of the seven plaintiffs in this case allege that they were fired during a couple of weeks in October 1995 based on their ages. Plaintiffs assert that a witness will testify that he heard Treasure Chest's Assistant General Manager, John Sou, who was plaintiffs' immediate supervisor, state that "we are going to get rid of these old employees and get some that can do some work." Plaintiff's memorandum, Record Doc. No. 33, at p. 2. Treasure Chest's defense to these plaintiffs' claims is that it was able to reopen after the hurricane only with limited hours of operation and therefore had to reduce its work force, and that Sou was not the decision-maker concerning the reduction in force. Defendant contends that it eliminated some positions and did not recall some employees, but that these decisions were not based on plaintiffs' ages.

  Fassbender was recalled to work after the hurricane, worked for about six months in an allegedly age-hostile environment and was allegedly constructively discharged on March 5, 2006. Treasure Chest argues that Fassbender's claims and the facts on which he bases them are entirely different from those of the other plaintiffs. His claims will require proof that his working conditions were subjectively and objectively offensive, that the

hostile conditions were severe and pervasive, that the employer knew or should have known of the harassment and failed to take remedial action, and that a reasonable person would have felt compelled to resign. His claims will be subject to Treasure Chest's defenses that it exercised reasonable care to prevent and correct promptly any harassing behavior, and that Fassbender unreasonably failed to take advantage of any preventive or corrective opportunities that it provided before he resigned.

"In the context of employment discrimination, courts generally have been favorable towards allowing joinder of plaintiffs' claims. . . . In making this determination, the Porter court noted federal jurisprudence in which allegations of a 'pattern or practice' of discrimination satisfied the flexible same-transaction requirement." Id. at *3 (citing Alexander, 207 F.3d at 1322; Mosley, 497 F.2d at 1334); Thompson v. Ingalls Shipbldg., No. 1:01CV111-LG-RHW, 2006 WL 2385324, at *2 (S.D. Miss. Aug. 17, 2006); Porter, 2000 WL 1059849, at *1).

Many of the recent cases that have permitted joinder or denied a motion for severance of broad-based claims of employment discrimination generally involved small groups of plaintiffs, one employer and incidents that spanned a relatively short time period. See, e.g., Alexander, 207 F.3d at 1325 (refusing to sever claims of 18 plaintiffs when all incidents occurred within one-year period, 13 plaintiffs alleged same claims of

6

discriminatory refusal to consider for assignments or transfers and several plaintiffs' claims of discriminatory denials of reclassifications, restoration of rank and promotions logically related to or overlapped with each other); Porter, 2000 WL 1059849, at *1-2 (refusing to sever retaliation and discrimination claims of one employee from race discrimination claims of two other employees, when all three plaintiffs alleged equal pay violations and hostile work environment); Lott, 1999 WL 242688, at *3 (claims of two salesmen would not be severed when complaint could be construed to allege pattern and practice of age discrimination and both worked for same division selling same product, despite different territories); Guedry v. Marino, 164 F.R.D. 181, 184 (E.D. La. 1995) (Jones, J.) (refusing to sever First Amendment claims of six plaintiffs concerning alleged harassment and job terminations that occurred within one-year period).

These cases, and the permissive and discretionary nature of Rules 20 and 21, support a conclusion that Fassbender's claims need not be severed. In their claims that age discrimination led to all plaintiffs losing their jobs during the six or seven months post-Katrina, Fassbender and the other plaintiffs have sufficiently alleged a right to relief arising out of the same transaction, occurrence or series of transactions or occurrences.

The claims of Fassbender and the other plaintiffs also share a common issue of fact or law. Plaintiffs allege that Treasure Chest engaged in a concerted effort to terminate the

employment of all of them because of their ages. Proof of alleged discrimination beginning after the hurricane and ongoing through the terminations could well be relevant to Fassbender's claims of hostile environment and constructive discharge. Judicial economy would be facilitated by the continued joinder of these claims.

As to any confusion of the jury or prejudice to defendant that might arise during trial of these claims together, such confusion or prejudice will not be undue, and can be limited by the court's instructions to the jury. The Fifth Circuit has "explained that jury instructions can ameliorate a jury's confusion in this situation, and we are mindful of '[t]he rule that juries are presumed to follow their instructions.'" United States v. Cisneros-Gutierrez, No. 06-11156, 2008 WL 383024, at *6 (5th Cir. Feb. 13, 2008); accord Hand v. UNUM Provident Corp., 202 Fed. Appx. 689, 2006 WL 2918890, at *5 (5th Cir. 2006); Douglas v. Dyn McDermott Petroleum Operations Co., 163 F.3d 223, 235 (5th Cir. 1998).

For the foregoing reasons, defendant's motion to sever is DENIED.

New Orleans, Louisiana, this  28th  day of February, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE